Looms, Judge,
 

 delivered the opinion of the Court.— Two questions arise in this case: 1st, whether the deed,
 
 *172
 
 being purely voluntary, is to be considered on that ac-coimt: merely fraudulent, as against subsequent purchasers. And, 2d, if the deed be not void on that account, ^bother there be | any circumstances disclosed in this case, from which a Jury ought to infer fraud.
 

 It cannot be denied, that by the common law, a father might make a good and valid gift of a chattel, either by deed or without deed, by declaring his intention to give, and placing the property given in the possession of the donee. But on account of many secret deeds of gift of slaves, the Legislature in the year 1784, declared, “that from and after the first day of January next, all sales of slaves shall be in writing, attested by at least one credible witness, or otherwise shall not be valid ; and all bills of sale of negroes, and deeds of gift of
 
 any estate
 
 of whatever nature, shall, within nine months, after the making thereof, be proved in due form and recorded
 
 ;
 
 and all bills of sale and deeds of gift, not authenticated and perpetuated in manner by that act directed, shall be void and of no force whatsoever.” The deed in question being regularly executed, proved and recorded according to the provisions of this act, must necessarily be good and valid according to the common law and according to the statute, unless it should be found fraudulent, as against creditors. In England, the leading statutes for the suppression of fraud, are the 13th and 27th of
 
 Eli%.
 
 The first, for the protection of creditors, and the second, of subsequent purchasers. Our act of 1715, is nearly a literal copy of the first, that act declares, “ that for abolishing and avoiding feigned, covinous and fraudulent feoffments, gifts, grants, alienations, conveyances, bonds, suits, judgments, and executions, as well of lands and tenements as of goods and chattels, which of late have been and still are devised and contrived of malice, fraud, covin or collusion, to the end, purpose, and intent, to delay, hinder and defraud creditors and others of their just and lawful actions, debts and accounts, it is enact
 
 *173
 
 ed, that all and every feoffment, gift, grant, alienation, bargain and conveyance of lands, tenements, herediti-ments, goods and chattels, or of any of them, by writing or otherwise, and all and every bond, suit, judgment and execution at any time had or made since the first day of January, 1714, or at any time hereafter to be had or made to or for any intent or purpose, last before declared and expressed, shall be from henceforward, deemed and taken (only as against that person or persons, his or their heirs, executors, administrators and assigns, and every of them, whose actions, suits, debts, accounts, damages, penalties, and forfeitures, shall cop-lease by such covinous or fraudulent devices and practices as is aforesaid, or shall or might be in any wise disturbed, hindered, delayed, or defrauded) to be clearly and utterly void, frustrate, and of no effect, any pretence, colour, feigned consideration, expressing of use, or any matter or thing to the contrary notwithstanding.” The case expressly states, that at the time of the gift, the donor was not
 
 indebted;
 
 and as he had no creditor then nor since, who could be affected or defrauded by the deed in question, it must follow that the act of in5, can have no operation in this case, especially as the Defendant does not pretend to invalidate the deed as a creditor, but as a subsequent purchaser.
 

 Let us then examine the 27th
 
 Elia,
 
 and see whether it can affect this case. This act made “for avoiding fraudulent, feigned and covinous conveyances, gift3, grants, charges, uses and estates, and for the maintenance of upright and just dealing in the purchase of lands, tenements and hereditaments,” enacts
 
 “
 
 tiiat all and every conveyance, grant, charge, use, estate, in-cumbrance and limitation of use or uses, of, in or out of any lands, tenements or other hereditaments whatsor ever, bad or made, or at any time hereafter to be made, for the intent’and purpose, to defraud and deceive such person or persons, bodies politic and corporate, as have
 
 *174
 
 purchased, or shall afterwards purchase in fee-simple, fee-tail, for life, lives or years, the same lands, tene-merits and hereditaments, or any part or parcel thereof, fl0 f01.merly conveyed, granted, leased, charged, incumbered, or limited in use, or to defraud and deceive such as have or shall purchase any rent, profit, commodity, in or out of the same or any part thereof, shall be deemed and taken only as against that person and persons, bodies politic and corporate, his and their heirs, successors, executors, administrators and assigns, and against all and every other person and persons lawfully having or claiming by, from or under them or any of them, which have purchased or shall hereafter so purchase for money or other good consideration, the same lands, tenements or hereditaments, or any part or parcel, thereof, or any rent, profit or commodity in or out of the same, to be utterly void, frustrate and of none effect, any pretence, colour, feigned consideration, or expressing of any use or uses, to the contrary notwithstanding, &c” This statute refers only to lands, or to rents and profits issuing out of lands, and does not apply to personal property. It is indeed decided in
 
 Otley
 
 v.
 
 Manning
 
 & Gooni, (9
 
 East.
 
 59,) that a voluntary conveyance is
 
 eo nomine
 
 and unaccompanied with any other circumstance of fraud, void as against subsequent purchasers. That however was a conveyance of land.
 

 But if this act had received such a construction that every deed which was void under the 13th
 
 Elia,
 
 against creditors, should be held void under this act as against purchasers, yet the reasons before given, shew that this deed could at no period be held void as against creditors. From the statement of the case, it would seem that much reliance w'as intended to be placed on the circumstance of the donor’s remaining in possession; and it is admitted that in most cases, this is a very strong badge of fraud, and sufficient in many to induce a Jury to infer fraud. Yet there may be circumstances attending
 
 *175
 
 the transaction, that will destroy or rebut such infer-erice; as where, by the terras of the deed, the donor is to remain in possession^ &c. In this case, the donees were infants, and lived with the donor, and were not capable of having any other possession than that of their father, their natural guardian. And this is as strong a circumstance to rebut fraud, as where the possession is consistent with the deed, especially when connected with the notoriety of the gift, and the registration of the deed at the first Court after its execution. The donor’s remaining in possession is a badge of fraud, only where there are creditors deceived, or likely to be defrauded by the gift; in this case there were none. Judgment for the Plaintiff.